# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**JESSIE FRANK JONES**                                                                **PETITIONER**

**v.**                    **No. 2:05CV234-D-A**

**WARDEN PARKER, ET AL.**                                                   **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the November 17, 2005, *pro se* petition of Jessie Frank Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved to dismiss the petition for failure to exhaust on February 2, 2006. The petitioner has since moved: (1) to stay the case until he can exhaust his second ground for relief in state court, and (2) to add more claims (that he has brought in a post-conviction proceeding in state court) to the instant federal petition. The petitioner has also responded to the state's motion to dismiss. The matter is ripe for resolution. For the reasons set forth below, the petitioner must amend his petition to exclude the unexhausted claim. If he elects not to do so, the instant petition for a writ of *habeas corpus* shall be dismissed in its entirely for failure to exhaust.

### Facts and Procedural Posture

On December 18, 2002, Jessie Frank Jones was convicted of one count of attempted burglary of a dwelling in the Circuit Court of Tate County, Mississippi and sentenced as a habitual offender to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections. The petitioner appealed conviction and sentence to the Mississippi Supreme Court, assigning as error the following (set forth verbatim below):

> A.      Whether the trial court erred in denying the appellant's Motion In Limine To Prevent The Eliciting Of Testimony As To The Appellant's Past Felony Convictions.

B.   Whether the trial court erred in denying the appellant's Motion For Judgment Notwithstanding The Verdict Or In The Alternative For A New Trial.

C.   Whether the trial court erred in denying proposed jury instruction D-1, a peremptory instruction.

D.   Whether the trial court erred in overruling the appellant's Challenges to the Appellee's Exercise of its peremptory strikes in violation of the equal protection clause of the fourteenth amendment to the United States Constitution and Article Three Section 26 of the Mississippi Constitution.

On May 25, 2004, the Mississippi Court of Appeals reversed and remanded petitioner's conviction and sentence. *Jones v. State*, 905 So. 2d 644 (Miss. App. 2004)(Cause No. 2003-KA-00083-COA), *reh'g. denied*, October 5, 2004. The state filed a petition for writ of *certiorari* in the Mississippi Supreme Court. On March 31, 2005, the supreme court reversed the judgment of the court of appeals and reinstated the conviction and sentence imposed by the Tate County Circuit Court. *Jones v. State*, 904 So. 2d 149 (Miss. 2005)(2003-CT-00083-SCT). The petitioner did not file a petition for post-conviction relief.

The petitioner sets forth two grounds for relief in his federal petition for a writ of *habeas corpus*, (set forth verbatim below):

**Ground One** - Evidence most favorable to the Prosecutor than the Defendant.

**Ground Two** - Effective Assistance of Counsel.

The claim in Ground Two has not been presented to the Mississippi Supreme Court.

## Discussion

The state has moved to dismiss the entire petition because Ground Two has not been exhausted. The petitioner has requested, instead, that the court stay his federal case to give him the opportunity to pursue Ground Two in state court and return to federal court to pursue *all*

grounds for relief set forth in his federal petition under the guidelines set forth in *Rhines v. Weber*, 125 S.Ct. 1528 (2005). While *Rhines* gives federal district courts some discretion to grant such relief, the circumstances under which a court may exercise that discretion are limited:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate *when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*.

*Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) (emphasis added). The petitioner has not, however, proved – or even alleged – good cause for his failure to exhaust Ground Two before filing the instant petition in federal court. As such, the court may not stay the case and hold it in abeyance as the petitioner has requested.

### The Petitioner's Options

The petitioner has two choices: (1) leave his current petition unchanged and thus have it dismissed – and seek relief for Ground Two in state court (if the petitioner remains diligent, he should be able to exhaust his state remedies and return to federal court to prosecute them all), or (2) amend his current petition to exclude his unexhausted claim, proceed in federal court with his exhausted claim, and simultaneously seek relief for Ground Two in state court. Under his first option, the petitioner would, with diligence, preserve the opportunity for federal review of all of his claims. With his second option, the petitioner would place one of his two claims up for federal review, and Ground Two (and others he may decide to bring in state court later) would be reviewed by the state courts only. The choice lies with the petitioner.

In sum, the petitioner has thirty days from the date of this order to amend his federal petition for a writ of *habeas corpus* to exclude the unexhausted claim. If the petitioner does not so amend his petition, then it shall be dismissed in its entirety for failure to exhaust. An order consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of March, 2006.

    /s/ Glen H. Davidson
    CHIEF JUDGE