**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**JESSIE FRANK JONES**   PETITIONER

v.   No. 2:05CV234-D-A

**WARDEN PARKER, ET AL.**   RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jessie Frank Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition; the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner was convicted in the Circuit Court of Tate County, Mississippi, of one count of attempted burglary of a dwelling. He was sentenced as a habitual offender to serve a term of twenty-five years without parole in the custody of the Mississippi Department of Corrections. He is currently housed at the Delta Correctional Facility in Greenwood, Mississippi. State Court Record (S.C.R.), Vol. 1, pp. 41- 43. The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by the petitioner):

> A. Whether the trial court erred in denying the appellant's Motion In Limine To Prevent The Eliciting Of Testimony As To The Appellant's Past Felony Convictions.
>
> B. Whether the trial court erred in denying the appellant's Motion For Judgment Notwithstanding The Verdict Or In The Alternative For A New Trial.

C. Whether the trial court erred in denying proposed jury instruction D-1, a peremptory instruction.

D. Whether the trial court erred in overruling the appellant's Challenges to the Appellee's Exercise of its peremptory strikes in violation of the equal protection clause of the fourteenth amendment to the United States Constitution and Article Three Section 26 of the Mississippi Constitution.

On May 25, 2004, the Mississippi Court of Appeals reversed and remanded petitioner's conviction. *Jones v. State*, 905 So. 2d 644 (Miss. App. 2004)(Cause No. 2003-KA- 00083-COA), *reh'g. denied*, October 5, 2004. The state filed a petition for writ of certiorari in the Mississippi Supreme Court. On March 31, 2005, the supreme court reversed the judgment of the court of appeals and reinstated the judgment of conviction and sentence imposed by the Tate County Circuit Court. *Jones v. State*, 904 So. 2d 149 (Miss. 2005)(2003-CT-00083-SCT).

Jones initially filed his federal petition for a writ of *habeas corpus* on November 17, 2005, in which he raised the following two grounds (set forth verbatim below as stated by petitioner):

**Ground One:** Evidence most favorable to the Prosecutor than the Defendant.

**Ground Two:** Effective Assistance of Counsel.

On February 27, 2006, the state filed a "Motion to Dismiss for Failure to Exhaust." The state sought either a dismissal of the petition with instructions to Jones to return to state court to exhaust his claims – or to permit Jones to amend his petition by deleting the unexhausted ground. Thereafter, on March 23, 2006, the court issued a memorandum opinion instructing the petitioner either to return to state court and exhaust the unexhausted claim and thereafter refile his federal *habeas corpus* petition or amend his habeas petition by deleting the unexhausted claim. On May

22, 2006, Jones filed an amended petition in which he deleted Ground Two and added three additional claims that he had previously exhausted on direct appeal. The grounds raised in the amended petition are as follows (as stated by the petitioner):

> **Ground One:** Whether the trial court erred in denying petitioner's motion in limine to prevent the eliciting testimony of the Petitioner's past felony convictions.
>
> **Ground Two:** Whether the trial court erred in deny the Petitioner's Motion for JNOV or in the alternative for a New Trial.
>
> **Ground Three**: Whether the trial court erred in denying proposed jury instruction D-1, a peremptory instruction.
>
> **Ground Four**: Whether the trial court erred in overruling petitioner's challenges to the state's exercise of its peremptory strikes in violation of *Batson v. Kentucky*.

The court denied the state's motion to dismiss, granted the petitioner's motion to amend his petition for a writ of *habeas corpus,* and ordered the state to answer the amended petition. The state has answered, and the petitioner has replied.

### Ground One:  Issue of State Law Only

Ground One is an issue of state law and is thus not subject to federal *habeas corpus* review because no constitutional issue is involved.  *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981).  Federal courts hold no supervisory power over state judicial proceedings, and federal *habeas corpus* relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right.  *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process.  *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

In Ground One, the petitioner argues that the trial court erred in admitting evidence of his

past criminal convictions. Mississippi evidentiary rules, however, permit evidence of past crimes if the evidence is used to show intent. The Mississippi Supreme Court held:

> ¶ 6. Rule 404(b) of the Mississippi Rules of Evidence provides as follows:
>
> Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Usually, evidence of another crime or prior bad act is not admissible. *Ballenger v. State*, 667 So.2d 1242, 1256 (Miss. 1995). However, evidence or proof of a prior crime or bad act is admissible where it is necessary to show identity, knowledge, intent, motive or to prove scienter. *Simmons v. State*, 813 So.2d 710, 716 (Miss. 2002); *Wheeler v. State*, 536 So.2d 1347, 1352 (Miss. 1988).
>
> * * *
>
> ¶ 8. In the present case, the State introduced evidence of Jones' prior convictions for burglary and attempted burglary solely for the purpose of proving his intent to commit larceny in the Voyles' home. The prosecutor called the clerk of the circuit court as a witness and had him identify records of Jones' prior guilty pleas to charges of burglary and attempted burglary. The prosecutor than asked the witness if the records indicated whether the offenses charged that the crimes were carried out with the intent to commit larceny. The witness responded affirmatively. . . .
>
> ¶ 9. . . . The convictions were introduced to show intent. Intent was shown by the fact that Jones admitted (by pleading guilty) to five prior burglaries and to one attempted burglary. Jones argued that the only reason he was at the Voyles' house was to obtain help after his vehicle broke down. The prior convictions tend to prove, along with other facts, that Jones' intent was to burglarize the house, not to obtain help. . . .
>
> ¶ 10. Under Rule 403, the admission of evidence of prior crimes is allowed when proving intent. . . . The circuit judge did not err when he admitted such evidence here.

*Jones*, 904 F.3d at 152-153.

These findings by the state court are entitled to deference under 28 U.S.C. § 2254. Further, the supreme court's ruling was expressly based upon state evidentiary rules. A claim challenging the state court's ruling on the admissibility of certain evidence under state law is precluded from review by this court because the rulings of state courts on evidentiary matters are solely issues of state law. "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994). "[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted).

In the instant case, the trial court's admission of Jones' past convictions to prove intent was in accordance with state law and thus does not implicate a constitutionally protected right. The alleged violation of state rules, without more, is not a cognizable ground for *habeas corpus* relief. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted). As such, Ground One of the instant petition must be dismissed with prejudice.

### Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds Two, Three, and Four on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably

applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds Two, Three, and Four of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Grounds Two and Three: Weight and Sufficiency of the Evidence

In Ground Two, the petitioner challenges both the weight and the sufficiency of the evidence. In Ground Three, petitioner challenges the denial of a peremptory instruction, which is effectively a challenge to the sufficiency of the evidence as well. Insufficiency of the evidence can support a claim for *habeas corpus* relief only if the evidence, when viewed in the light most favorable to the state, is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000). This standard "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). Under this standard, the trier of fact may find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*,

968 F.2d 465, 468 (5th Cir. 1992).

The Mississippi Supreme Court applied the *Jackson* standard to the claim that the evidence adduced at trail was insufficient to sustain his conviction:

> ¶ 13. Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to convict Jones of attempted burglary of a dwelling. Jones was seen with a knife outside the victim's house. Then he began banging on the front door with such force that objects on the walls of the entrance hall crashed to the floor and the peephole which had been installed in the door was catapulted out of the door. No reasonable person with a broken-down car who needed help would approach a house in the same manner. In light of these facts, we find that any rational juror could have found beyond a reasonable doubt that all of the elements had been met by the State in proving attempted burglary of a dwelling. This issue is without merit.

*Jones*, 904 So. 2d at 154 (footnote omitted).

Where, as here, "a state appellate court has conducted a thoughtful review of the evidence," its determination of the sufficiency of the evidence "is entitled to great deference." *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993). Nothing in this petition for a writ of *habeas corpus* has overcome the deference this court must give to the state appellate court's decision. In addition the petitioner not proven that the state court decision was an unreasonable application of law to the facts. *Williams v. Taylor, supra*. The evidence was sufficient to sustain the guilty verdict. As such, the petitioner is not entitled to relief based on his claim of insufficiency of the evidence in Grounds Two and Three of the instant petition. The petitioner's challenge to the weight of the evidence is not an issue within the purview of a federal *habeas* court. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence . . . ."). As such, the state court's resolution of the claims in Grounds Two and Three was not contrary to clearly established federal law, nor did it involve an unreasonable application

of clearly established federal law as determined by the Supreme Court of the United States. For these reasons, Grounds Two and Three of the instant petition must be dismissed.

## Ground Four: Challenge Under
### *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986)

In Ground Four, Jones argues that the trial court erred in overruling his objection to the prosecution's first three peremptory strikes of black jurors from the venire on the basis that the strikes violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986). To establish a *prima facie* case of purposeful discrimination in the selection of a jury, the accused must demonstrate that: "(1) he is a member of a cognizable racial group; (2) the prosecutor exercised peremptory challenges to excuse a venire person of the defendant's race; and (3) there is an inference that the venire persons were excluded on account of their race." *Batson v. Kentucky*, 476 U.S. at 96. Once an accused has made such a *prima facie* showing of discrimination, the burden of proof shifts to the prosecution to present race neutral reasons for challenging the jurors. *Id.* The Mississippi Supreme Court addressed this matter on certiorari review finding, in pertinent part:

> ¶ 18. We find that Jones has failed to prove that the State used its peremptory strikes in a discriminatory manner. Most problematic is the fact that Jones failed to preserve the record for the voir dire. We do not know the racial composition of the venire. We do not know the racial composition of the jury. We do not know the racial composition of Tate County. However, we do know, as both Jones and the State agree, that the State used peremptory strikes against three African-Americans and that four African-Americans were seated on the jury. We cannot say that these bare facts created a reasonable inference of purposeful discrimination or that the State attempted to systematically remove African-Americans from the venire. This claim is without merit.

*Jones*, 904 So. 2d at 155.

The petitioner's *Batson* challenge was without merit. Prior to striking the venire member in question, the prosecution had already accepted one black juror and tendered a second. S.C.R.

at 5. The reasons for the strikes, which were set forth by the prosecution, did not indicate a pattern of discrimination such that a *prima facie* case had been established. As to venireman Hulette, the prosecution indicated that they had been consulting sheriff's dispatcher, Mary Moore, who is black, and she advised that she knew Hulette and did not believe he would make a good juror. *Id*. at 6. With respect to venirewoman Lesure, the prosecutor indicated she feared Lesure would be too sympathetic to Jones because Lesure's sons had been in trouble with the law. *Id*. at 7. Finally, as to venireman Douglas, the prosecutor simply stated that she struck him to get to other jurors she believed would be more appropriate. *Id*. In the end, four black jurors were selected in this case. *Id.* at 158; *see also Jones*, 904 So. 2d at 154. That fact alone militates against a finding of discrimination.

The Mississippi Supreme Court reviewed the record and the findings by the trial court and agreed that Jones' *Batson* challenge was without merit. *Jones*, 904 So. 2d at 155. This court must accord great deference to state court's finding. § 2254(e)(1). The supreme court's resolution of the claim in Ground Four was neither contrary to nor an unreasonable application of clearly established federal law. As such, this claim for *habeas corpus* must be denied.

In sum, all the petitioner's grounds for relief shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of July, 2007.

/s/ Glen H. Davidson
SENIOR JUDGE